IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  No. 10-cr-2734 JCH
                                                                                       No. 21-cv-0943 JCH-JHR

CASSLYN MAE WELCH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Casslyn Mae Welch's Motion to Amend and Request for Sentence Reduction (Doc. 1770) (Motion to Amend) and Petition for Writ of Mandamus (Doc. 1771) (Mandamus Petition).[1] Also before the Court is her Motion to Appoint Counsel (CV Doc. 3). Welch is a federal prisoner and is proceeding *pro se*. She argues the Government promised a lower federal sentence, and her sentence is excessive. The Court construes the Motion to Amend and Mandamus Petition as a successive 28 U.S.C. § 2255 proceeding filed without authorization from the Tenth Circuit. The Court will dismiss the matter for lack of jurisdiction.

## BACKGROUND

Welch was indicted on eleven counts following her participation in a carjacking conspiracy that led to the killing of two people. (Docs. 24, 73, 83). Welch agreed to cooperate with the investigation against her co-defendant, John Charles McCluskey, whom the Government admits was the "mastermind, shooter, and the most culpable of all the defendants." (Doc. 1754 at 6). In 2012, Welch pled guilty to nine crimes, including carjacking resulting in death; conspiracy to

---

[1] Unless otherwise noted, all docket references are to the criminal case, 10-cr-2734.

interfere with commerce; and various firearm charges.  (Doc. 259 at 2).  At sentencing, Welch argued the Government promised to support a 20-year prison term.  (Docs. 1678, 1680).  The Court found no reliable evidence of such promise and sentenced Welch to 40 years imprisonment.  (Docs. 1726, 1727).  Judgment was entered on the conviction and sentence on October 16, 2014.  (Doc. 1727).

Welch filed a direct appeal, and the Tenth Circuit affirmed the conviction and sentence.  *See United States v. Welch*, 638 Fed. App'x 674 (10th Cir. 2015).  The Supreme Court denied certiorari relief on May 31, 2016.  (Doc. 1748).  The following year, Welch timely filed her first 28 U.S.C. § 2255 motion.  (Doc. 1749).  She raised claims for ineffective assistance of counsel, arguing her attorney led her to believe she would receive a 20-year sentence if she signed the plea agreement.  *Id.* at 15-16.  The Court ordered an answer, referred the matter to the Honorable Stephan Vidmar for proposed findings and a recommended disposition, and ultimately denied Welch's first § 2255 motion.  (Docs. 1753, 1755, and 1757).  The Court also denied as moot Welch's separate motion alleging a breach of the plea agreement.  (Doc. 1678, 1761).

On June 7, 2021, Welch filed a Motion to Reduce Sentence.  (Doc. 1764).  That filing alleges the real culprit (presumably John Charles McCluskey) died; the Government promised a lower sentence; and the sentence is excessive.  *Id.* at 1.  Around the same time, the Federal Public Defender's Office indicated it was reviewing Welch's criminal case to determine whether to pursue compassionate release under 18 U.S.C. § 3582.  (Doc. 1765).  By a Memorandum Opinion and Order entered June 11, 2021, the Court determined the Motion to Reduce Sentence raised successive § 2255 claims.  (Doc. 1768).  The Court dismissed the Motion to Reduce Sentence for lack of jurisdiction, as Welch did not obtain Tenth Circuit permission to file a successive claim.

The ruling was entered without prejudice to seeking compassionate release under 18 U.S.C. § 3582. *Id.* at 4.

Welch filed the Motion to Amend on June 21, 2021. (Doc. 1770). She ostensibly seeks to amend the Motion to Reduce Sentence but raises the same grounds as that pleading. Thereafter, she filed the Mandamus Petition and the Motion to Appoint Counsel. (Doc. 1771, CV Doc. 3). The Court will consider whether the filings function as successive habeas claims.

## DISCUSSION

"[O]nce judgment is entered, the filing of an amended [pleading] … is not permissible until the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Nelson*, 465 F.3d 1145, 1148 (2006). A post-judgment motion to amend filed by a *pro se* litigant is ordinarily construed as "a combination of a motion to set aside judgment under Rule 60(b) . . . and a motion to then amend under Rule 15." *Id.* In habeas cases, a post-judgment motion is also analyzed to determine whether it functions as a successive claim. A post-judgment motion must be construed as a successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). This includes post-judgment motions where the defendant does not cite 28 U.S.C. § 2255 but "wishes to allege his [or her] … sentence was unlawful." *United States v. Nelson,* 465 F.3d 1145, 1148-49 (10th Cir. 2006). Conversely, courts will treat a post-judgment as a true Rule 59 or 60(b) motion if it "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, ... or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16.

In the case of a mixed pleading, the Rule 60(b) allegations must be considered separately from the successive habeas claims. *Id.* at 1217.

The filings here challenge Welch's underlying conviction and sentence. Welch's Motion to Amend consists of three sentences. Welch seeks leave to amend; argues the Government offered her a lower sentence; and notes her co-conspirator is deceased. (Doc. 1770). The Mandamus Petition contains the same allegations but adds her co-conspirator is responsible for the crime, and her sentence is excessive based on the seriousness of the offense. (Doc. 1771). Welch's subsequent request for counsel also indicates she is "requesting relief in a writ of habeas corpus." (CV Doc. 3). The Motion to Amend and Mandamus Petition therefore constitute successive habeas filings.[2]

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the

---

[2] There is one potential exception that would require the Mandamus Petition to be construed as a mixed pleading, raising successive habeas claims alongside Rule 60(b) arguments. The Mandamus Petition alleges the Government reneged on its promise regarding Welch's sentence; that such "facts are stated in the final order of the [first §] 2255" ruling; and that "[t]his denied [Welch] due process…." (Doc. 1771 at 1-2). It appears Welch means the Government violated due process principles during the plea proceedings. To the extent she means the fact findings in the first § 2255 ruling violate her due process rights, such argument must be separately construed as a Rule 60(b) claim. The first § 2255 ruling was entered in 2017, and the Mandamus Petition was filed in 2021. Rule 60(b) claims filed more than one year after the challenged judgment are generally only meritorious where the judgment is void or has been discharged. *See* Rule 60(b)(4)-(5). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief, which may be raised at any time. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate ... when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). The first § 2255 judgment is not void/satisfied, and it does not offend justice to deny relief. Thus, to the extent Welch intends to challenge the first § 2255 judgment, such challenge is construed under Rule 60(b) and denied.

merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Welch does not proffer any new evidence or law. The Motion merely rehashes her arguments about excessive sentencing and points to the death of her co-conspirator. Welch's claims would also be time-barred if filed anew in the proper forum. Section 2255 claims must generally be filed within one year after the Judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Welch's Judgment became final in 2016, after United States Supreme Court denied certiorari review, and the limitation period expired in 2017. The jurisdictional defect was also evident when Welch filed her post-judgment motions, as the Court already dismissed a prior pleading as second/successive.

For these reasons, a transfer is not in the interest of justice. The Court will dismiss the Motion to Amend and Mandamus Petition for lack of jurisdiction; deny any Rule 60(b) arguments, to the extent they are raised; and deny the Motion to Appoint Counsel (CV Doc. 3) as moot. The

5

Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong"). This ruling has no impact on Welch's ability to file a compassionate release motion under 18 U.S.C. § 3582.

**IT IS ORDERED** that Casslyn Rae Welch's Motion to Amend and Request for Sentence Reduction (**CV Doc. 1; CR Doc. 1770**) and Petition for Writ of Mandamus (**CV Doc. 2; CR Doc. 1771**) are **DISMISSED without prejudice** for lack of jurisdiction; but to the extent those filings contain Rule 60(b) claims, such claims are **DENIED**.

**IT IS FURTHER ORDERED** that Welch's Motion to Appoint Counsel (**CV Doc. 3**) is **DENIED** as moot; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

_____
SENIOR UNITED STATES DISTRICT JUDGE